UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---------------------------------------------------------------X

GERALDINE MITCHELL,

                             Civil No:

               Plaintiff,           **COMPLAINT FOR
VIOLATIONS OF THE
TELEPHONE CONSUMER
PROTECTION ACT AND
FAIR DEBT COLLECTION
PRACTICE ACT**

    -against-                     **DEMAND FOR JURY TRIAL**

MRS BPO, LLC

               Defendant.

---------------------------------------------------------------X

       Plaintiff GERALDINE MITCHELL, ("Plaintiff"), by and through her attorneys, Marcus & Zelman, LLC, brings this Complaint against the Defendant MRS BPO, LLP (hereinafter referred to as "Defendant"), respectfully sets forth, complains and alleges, upon information and belief, the following:

**INTRODUCTION/PRELIMINARY STATEMENT**

1.  Plaintiffs brings this action on her own behalf for damages and declaratory and injunctive relief arising from the Defendant's violation(s) under Title 47 of the United States Code, §227 commonly known as the Telephone Consumer Protection Act (TCPA) and § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA") which prohibits debt collectors from engaging in abusive, deceptive and unfair practices. .

2. The TCPA prohibits auto-dialed calls which are placed to a called party's cellular phone without that party's consent.  Senator Hollings, the TCPA's sponsor, described these auto-dialed calls as "the scourge of modern civilization. They wake

us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall." *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1255-56 (11th Cir. 2014), *citing,* 137 Cong. Rec. 30,821 (1991).

3.  In 1991, Congress responded to these abuses by passing the TCPA. In enacting the TCPA, Congress made findings that telemarketing had become "pervasive due to the increased use of cost-effective telemarketing techniques."  *See,* PL 102-243, § 2(1).  "Residential telephone subscribers consider automated or prerecorded telephone calls, regardless of the content or the initiator of the message, to be a nuisance and an invasion of privacy." Id. § 2(10). The TCPA's findings also reflect Congress's conclusion that "[i]individuals' privacy rights, public safety interests, and commercial freedoms of speech and trade must be balanced in a way that protects the privacy of individuals and permits legitimate telemarketing practices." Id. § 2(9).  Consumers who receive these unauthorized calls thus have suffered a distinct privacy-related interest, namely the "intentional intru[sion] . . . upon their solitude or seclusion of their private affairs or concerns." *Intrusion Upon Seclusion*, Restatement (Second) of Torts § 652B (1977).

4.  Congress enacted the FDCPA in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C.  § 1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." Id.  Congress concluded that "existing laws . . . [we]re

inadequate to protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

5. Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." Id. § 1692(e). After determining that the existing consumer protection laws were inadequate, id. § 1692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. Id. § 1692k.

## PARTIES

6. Plaintiff is a natural person who resides in Philadelphia, Pennsylvania.

7. Defendant is a collection agency with its corporate headquarters located at 1930 Olney Avenue, Cherry Hill, New Jersey 08003.

## JURISDICTION AND VENUE

8. The Court has jurisdiction over this matter pursuant to 28 USC §1331.

9. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(1) and 28 U.S.C. § 1391(b)(2).

## ALLEGATIONS OF FACTS

10. Plaintiff repeats, reiterates and incorporates the allegations contained in the preceding paragraphs with the same force and effect as if the same were set forth at length herein.

11. On information and belief, on a date better known to the Defendant, Defendant

began its campaign of communicating with via the use of an automated telephone dialing system and prerecorded messages throughout the past four years by calling Plaintiffs cellular telephone phone number of (267) 622-3166.

12. At all times relevant herein, Plaintiff is the customary and sole user of the cellular phone number (267) 622-3166.

13. The Defendant called from numerous phone numbers, including but not limited to 267-262-5700.

14. At or around early January of 2017, Plaintiff answered one of the calls from the Defendant and heard a pre-recorded message.

15. It soon became apparent that the Defendant was attempting to reach someone other than the Defendant.

16. Plaintiff notified the Defendant that they had the wrong number, but the calls continued.

17. Plaintiff never gave her consent to be contacted by the Defendant by an automatic dialing system and/or pre-recorded message.

18. By placing auto-dialed calls to the Plaintiff's cell phone, the Defendant violated 47 USC §227(b)(A)(iii) which prohibits using any automated telephone dialing system or an artificial prerecorded voice to any telephone number assigned to a cellular telephone service.

19. Plaintiff suffered actual damages because the Defendant's calls caused the Plaintiff to be deprived of the use of her cellular phone during the times that the Defendant was calling, depleted the battery life of the cellular telephone, and by invading on the Plaintiffs' right to privacy and seclusion (the very harm that Congress sought to

prevent).

20. The Defendant's repeated calls further caused the Plaintiff to be harassed, stressed, frustrated and annoyed. The Defendant's repeated calls further interrupted the Plaintiffs day and wasted the Plaintiffs time spent answering and otherwise addressing these repeated phone calls text messages.

21. Defendant's communication efforts attempted and/or directed towards the Plaintiffs violated various provisions of the TCPA, including but not limited to 47 USC §227(b)(A)(iii).

22. As a result of Defendant's violations of the TCPA, Plaintiff has been damaged and is entitled to damages in accordance with the TCPA.

23. Pursuant to section 1692dof the FDCPA, a debt collector shall not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

24. By calling a non-debtor in connection with the collection of a debt, after being notified that the Defendant was calling the wrong number, the Defendant harmed the Plaintiff.

## **FIRST CAUSE OF ACTION**

25. Plaintiff repeats and incorporates by reference all of the above paragraphs of the Complaint as though fully stated herein.

26. The foregoing acts and omissions of Defendants constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227(b) *et seq.*

27. As a result of Defendant's violations of 47 U.S.C. § 227(b) *et seq.* Plaintiff is

entitled to an award of $500.00 for each and every negligent violation of the TCPA pursuant to 47 U.S.C. § 227(b)3.

28.  As a result of Defendant's violations of 47 U.S.C. § 227(b) *et seq.* Plaintiff is entitled to an award of treble damages $1,500.00 for each and every knowing and/or willful violation of the TCPA pursuant to 47 U.S.C. § 227(b)3.

## SECOND CAUSE OF ACTION

29. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

30. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692(d).

31. Pursuant to 15 USC §1692(d), a debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

32. Pursuant to 15 USC §1692(d)(5), a debt collector may not engage in causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

33. Defendants violated said section by calling the Plaintiff, a non debtor, after being notified that the Defendant was calling the wrong number, which the natural consequence of such calls was to harass, oppress, or abuse the Plaintiff.

34. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692(d) *et seq.* of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully prays that judgment be entered against the Defendants as follows:

A.  For mandatory statutory damages of $500 each provided and pursuant to 47 USC §227(c)(2)(G)(3)(B), for all texts placed to the Plaintiff's cellular phone;

B.  Plaintiff requests enhanced trebled damages of $1,500 to be awarded to the Plaintiffs per call, in accordance with the TCPA, for the Defendant's willful violations of the TCPA;

C.  For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

Dated: March 30, 2017

/s/ Ari Marcus
Ari Marcus, Esq.
MARCUS ZELMAN, LLC
1500 Allaire Avenue, Suite 101
Ocean, New Jersey 07712
(732) 695-3282 telephone
(732) 298-6256 facsimile
*Attorneys for Plaintiff*

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

/s/ Ari Marcus
Ari Marcus, Esq.

Dated:  March 30, 2017

## **CERTIFICATION PURSUANT TO LOCAL RULE 11.2**

I, Ari H. Marcus, the undersigned attorney of record for Plaintiff, do hereby certify to my own knowledge and based upon information available to me at my office, the matter in controversy is not the subject of any other action now pending in any court or in any arbitration or administrative proceeding.

Dated: March 30, 2017

/s/ Ari Marcus_____
Ari Marcus, Esq.